1

2

3

4

5

6

7

8                     United States District Court

9                     Eastern District of California

10

11

12   Steven Matthew Monger,

13          Petitioner,                No. Civ. S 05-0067 GEB PAN P

14      vs.                            Order on Request for Counsel

15   J. Woodford, et al.,

16          Respondents.

17                              -oOo-

18      Petitioner requests appointment of counsel on the grounds he

19   is indigent and lacks legal training and the law is complex.

20      There is no absolute right to appointment of counsel in

21   habeas proceedings.  <u>See</u> <u>Nevius v. Sumner</u>, 105 F.3d 453, 460 (9th

22   Cir. 1996).  However, whenever the court determines the interests

23   of justice so require, representation may be provided for any

24   financially eligible person who is seeking relief under section

25   18 U.S.C. § 2254.  18 U.S.C. § 3006A(a)(2)(B).  Unless an

26   evidentiary hearing is necessary, the decision to appoint counsel

1   is discretionary.  <u>Bashor v. Risley</u>, 730 F.2d 1228, 1234 (9th

2   Cir.), *cert. denied*, 469 U.S. 838 (1984); Rule 8(c), Rules

3   Governing § 2254 Cases.

4       In deciding whether to appoint counsel the court exercises

5   discretion governed by a number of factors, including the

6   likelihood of success on the merits and the applicant's ability

7   to present his claims in light of their complexity.  <u>Weygandt v.</u>

8   <u>Look</u>, 718 F.2d 952, 954 (9th Cir. 1983); <u>see also</u>, <u>LaMere v.</u>

9   <u>Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987).  Ordinarily the

10  presumption of regularity in the state's procedures for confining

11  prisoners suggests a lack of likely success and counsels against

12  appointment of counsel.  <u>See</u> <u>Maclin v. Freake</u>, 650 F.2d 885, 887

13  (7th Cir. 1981).  As a general rule, the court will not appoint

14  counsel unless the applicant shows his claim has merit in fact

15  and law.  <u>Id.</u>  Even if the applicant overcomes this hurdle, the

16  court will not appoint counsel if the law is settled and the

17  material facts are within the petitioner's possession, viz., they

18  do not require investigation outside the prison walls.  <u>Id.</u> at

19  887-88.

20      Here, petitioner alleges his due process rights were

21  violated in connection with parole consideration proceedings.

22  Neither factual development nor legal insight are required

23  because these proceedings are limited to claims that already were

24  identified and presented to the California Supreme Court.  There

25  is, on the record before the court, no reason to believe

26  appointment of counsel would be of significant benefit.

1    Petitioner's July 11, 2005, request for the appointment of

2    counsel therefore is denied.

3        So ordered.

4        Dated:  July 19, 2005.

5                                    /s/ Peter A. Nowinski

6                                    PETER A. NOWINSKI
                                     Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26