IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN MATTHEW MONGER,

    Petitioner,                    No. CIV S 05-0067 ALA HC

  vs.

J. WOODFORD, et. al.,              ORDER

    Respondent.
_____/

Petitioner is proceeding *pro se* with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner's application is dismissed because his claims are procedurally defaulted.

**I**

On June 14, 1990, Petitioner pled guilty in the Alameda County Superior Court to second degree murder. He was sentenced to 15 years to life. Petitioner maintains that his retention in state prison violates his plea agreement. Petitioner contends that his plea bargain assured him of parole after serving no more than ten years. Petitioner does not assert that he misunderstood the nature of his plea bargain, or that he received ineffective assistance of counsel. Petitioner lists three grounds for habeas corpus relief, each of which pertain to his alleged plea agreement at trial.

1

Petitioner filed his initial state habeas corpus petition in 2001, without exhausting his claim that he had been denied the benefits of his alleged plea bargain. In his second state habeas petition in 2003, petitioner set forth that claim. The state court denied his petition on alternative grounds: 1) he failed to demonstrate the existence of a plea agreement; 2) the plea agreement claim had not been presented in his 2001 habeas corpus petition.

In explaining its reasoning, the state court stated: "As a separate and independent ground, Petitioner has failed to explain why this claim was not brought earlier, and why it was not included in his 2001 petition for Writ of Habeas Corpus." Order Denying Petition for Habeas Corpus, *In re Monger*, No. 94194 (Cal. Super. Ct. Alameda Co. 2003). The California Supreme Court summarily denied Mr. Monger's petition for state habeas corpus relief.

**II**

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless its adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under § 2254(d)(1), "[a] state court decision is 'contrary to'. . . clearly established [United States Supreme Court] precedents if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases,' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Early v. Packer*, 537 U.S. 3, 8 (2002) (citing and quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant habeas corpus relief if the state court identified the correct governing legal principle from the

2

Supreme Court's decisions, but unreasonably applied that principle to the facts of the prisoner's case. *Williams*, 529 U.S. at 413.  A federal habeas court, however, "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Id.* at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous'").

/////

### III

Petitioner contends that he complied with all state procedural rules.  He argues that he adequately explained why he failed to bring his claim regarding the alleged plea bargain in his 2001 writ of Habeas Corpus before the Superior Court.  Respondent asserts that if the state court's decision rests on an independent and adequate ground, the petitioner must establish cause and actual prejudice to exercise this default.

Under California law, successive habeas corpus petitions will not be entertained on their merits. *In re Clark,* 5 Cal.4th 750, 775 (1993).  The California Supreme Court explained in *In re Clark* that successive petitions exist when a claim presented in a subsequent petition could have been presented in an earlier petition. *Id.* at 776. The petitioner in *In re Clark* brought a second petition after he previously filed a writ of habeas corpus.  In the second petition, he claimed for the first time that he was denied due process in the proceeding leading to his conviction and sentence. *Id.* at 763.  In denying petitioner's second petition, the California Supreme Court stated: "the general rule is still that, absent justification for the failure to present all known claims in a single, timely petition for writ of habeas corpus, successive and/or untimely petitions will be summarily denied." *Id.* at 797.

In presenting his or her claims to a state court, a state prisoner must comply with state procedural rules. *McQuown v. McCartney*, 795 F.2d 807 (9th Cir. 1986).  The adequate and

3

independent state grounds doctrine bars federal habeas review "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Under that doctrine, a federal court will not review a question of federal law decided by a state court "if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Vang v. Nevada*, 329 F.3d 1069, 1072 (9th Cir. 2003) (quoting *Coleman*, 501 U.S. at 729). "In all cases in which a state prisoner has defaulted his federal claim in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

The Alameda County Superior Court dismissed Petitioner's application because he failed to raise this claim in an earlier petition filed before the same court, citing *In re Clark,* 5 Cal.4th at 775. Thus, the court dismissed the petition "on a state law ground that is independent of the federal question and adequate to support the judgment," barring federal review. *See Coleman,* 501 U.S. at 729; *see also Thomas v. Lewis*, 945 F.2d 1119, 1122 (9th Cir. 1991).

If the state court's decision rests on an independent and adequate ground, the petitioner must establish cause and actual prejudice to excuse his default. *Moran v. McDaniel*, 80 F.3d 1261, 1270 (9th Cir. 1996). Petitioner has not shown prejudice, or offered an excuse for his failure to raise this new claim in his earlier petition. Petitioner merely alleges that he was denied an opportunity to have his claims addressed, without presenting any evidence in support of this contention. Thus, because Petitioner's claims were dismissed on adequate and independent state grounds, and he did not demonstrate prejudice, this court cannot reach the merits of his claim.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that Petitioner's application for habeas corpus relief under § 2254 is dismissed.

1  DATED: February 19, 2008

2                                    /s/ Arthur L. Alarcón
                                     UNITED STATES CIRCUIT JUDGE
3                                    Sitting by Designation