IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN MATTHEW MONGER,

     Petitioner,                    Case No. 2:05-cv-00067 ALA (HC)

    vs.

J. WOODFORD, et al.,

     Respondent.                 **ORDER**

_____/

    Petitioner Steven Matthew Monger, a state prisoner proceeding *pro se*, timely filed a Notice of Appeal in response to this Court's, February 19, 2008, denial of his application for a writ of habeas corpus. (doc 29).  Before Petitioner can appeal this Order, a Certificate of Appealability must issue.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

    A Certificate of Appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The Court must either issue a Certificate of Appealability indicating which issues satisfy the required showing or must state the reasons why a certificate should not issue.  Fed. R. App. P. 22(b)(1).

    For the reasons set forth in this Court's Order, dated February 19, 2008, (doc. 22), and reiterated in part below,  Petitioner failed to make a substantial showing that his constitutional rights were infringe upon, warranting a Certificate of Appealability.

In Petitioner's underlying application for writ of habeas corpus, Petitioner maintained that his retention in state prison violates his plea agreement. The state court, however, ultimately denied his petition on alternative grounds: 1) he failed to demonstrate the existence of a plea agreement; 2) the plea agreement claim had not been presented in his initial 2001 habeas corpus petition.

When a habeas petitioner presents claims to a state court, a state prisoner must comply with state procedural rules. *McQuown v. McCartney*, 795 F.2d 807 (9th Cir. 1986). The adequate and independent state grounds doctrine bars federal habeas review "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Under that doctrine, a federal court will not review a question of federal law decided by a state court "if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Vang v. Nevada*, 329 F.3d 1069, 1072 (9th Cir. 2003) (quoting *Coleman*, 501 U.S. at 729). "In all cases in which a state prisoner has defaulted his federal claim in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

If the state court's decision rests on an independent and adequate ground, a petitioner must establish cause and actual prejudice to excuse his default. *Moran v. McDaniel*, 80 F.3d 1261, 1270 (9th Cir. 1996). The instant Petitioner has not shown prejudice, or offered an excuse for his failure to raise this new claim in his earlier petition. Petitioner merely alleges that he was denied an opportunity to have his claims addressed, without presenting any evidence in support of this contention. Thus, because Petitioner's claims were dismissed on adequate and independent state grounds, and he did not demonstrate prejudice, this Court cannot reach the merits of his claim.

/////

1
 Accordingly, it is HEREBY ORDERED that a Certificate of Appealability shall not issue.
2
/////
3
DATED: May 15, 2008
4
                                        /s/ Arthur L. Alarcón
5
                                        UNITED STATES CIRCUIT JUDGE
                                        Sitting by Designation
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26